# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **PERMA-FIX NORTHWEST,** ) | |
| **RICHLAND, INC** ) | |
| ) | |
| Plaintiff, ) | No. 3:09-cv-472 |
| v. ) | (Phillips) |
| ) | |
| **PHILOTECHNICS, LTD.** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court pursuant to Fed. R. Civ. P. 12(b)(7), defendant's Motion to Dismiss for Failure to Join a Necessary Party [Doc. 10]. The defendant asserts that the relief sought by the plaintiff necessitates DuPont being joined to the suit under Fed. R. Civ. P. 19 [Doc. 10 at 1]. Because the plaintiff has chosen not to join DuPont, the Defendants have moved to dismiss the case [Doc. 10 at 1].

For the reasons which follow, the defendant's motion will be denied. The Court finds that the defendant has not met the requisite burden establishing DuPont's necessity.

1

## Factual Background

Plaintiff Perma-Fix Northwest Richland, Inc. (Perma), is suing defendant Philotechnics, seeking both money damages and specific performance. The dispute arose when Philotechnics entered into a contract with DuPont (the nonparty at issue) for the disposal of some radioactive material. Philotechnics acts as a broker, contracting out the disposal of radioactive waste to businesses suited for such disposal. Philotechnics entered into a contract with Perma's predecessor in interest, Pecos, for the disposal of the aforementioned radioactive waste.

Originally, Perma was informed that the radio active waste at issue in this case included 5 drums of "highly active material." The contract price was based upon that presumption. Pecos alleges that upon further inspection, more than 5 "highly active" drums of radioactive material were present [Doc. 9 at 5, Defendant's Motion]. Plaintiff seeks, in Count I, to have the court order the defendant to take possession of the radioactive material pursuant to a "return-of-waste" clause in the contract, or in Count II for the court to award damages for the increased cost of processing the waste. [Doc. 12 at 2 Plaintiff's Motion].

Defendant seeks to dismiss the suit pursuant to the Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19, motion to dismiss for failure to join a necessary party. Defendant alleges that since DuPont's property is implicated, they become a necessary party under Fed. R. Civ. P. 19. The plaintiff's argument is two-fold; first that DuPont is not a signatory to the contract, thus the Plaintiff has no cause of action against DuPont and secondly, that DuPont was the "generator of" but not

necessarily "the present owner of " the radioactive waste at issue. Therefore, plaintiff asserts DuPont has no necessary interest in the proceedings. [Doc 12 at 4].

**Standard of Review**

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides for dismissal when parties deemed "required" are not joined under Rule 19 of the Fed. R. Civ. P. The analysis of Rule 19 is three-part. First, it must be determined whether a nonparty resisting joinder is necessary; second, if the nonparty is considered necessary, is their presence feasible; and third, if joinder is not feasible, is the party indispensable? *Glancy v. Taubman Centers, Inc.,* 373 F.3d 656, 666 (6th Cir. 2004). If the nonparty joinder is necessary, and their joinder is feasible, meaning that the joinder of the nonparty does not destroy jurisdiction, then that party must be joined or the case dismissed. *Id.*

**Analysis**

The first part of the analysis articulated in *Glancy* requires that the Defendant prove the threshold question: whether the nonparty, DuPont, is a "necessary" or "required" party. *Hooper v. Wolfe,* 396 F.3d 744, 748 (6th Cir. 2005). A party is considered "necessary" under Rule 19 when

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*Id.*

Regarding the present motion, plaintiff claims that it can adequately recover from the Defendant alone, invoking a return-of-waste clause contained within the contract, or damages per Count II. A party is only deemed necessary when "in the person's absence complete relief cannot be accorded." *Id.* at 758 When, as in this case, plaintiff asserts that all relief can be granted, and the Defendant asserts that it cannot, then the Court, in the absence of compelling evidence to the contrary, will stay the motion to dismiss until the resisting party's necessity is properly established.

As it pertains to the motion at hand, defendant has not met the threshold burden of establishing DuPont's necessity; therefore, the subsequent calculations[1] of a 12(b)(7) motion are irrelevant. The threshold question when deciding a nonparty's necessity, is whether the Court can afford complete relief between the parties currently present. Plaintiff alleges that it can achieve all of the relief that it seeks from the Defendant alone–invoking either Counts I or II. Defendant has not demonstrated compelling evidence to the contrary. While defendant makes the case that it cannot accept "DuPont's waste" (Count I), defendant has not addressed Count II. Defendant has not demonstrated why DuPont is a necessary party to a suit concerning the unanticipated costs of processing nonconforming waste. Especially when the relief sought by plaintiff is merely compensatory damages resulting from an alleged misrepresentation on the part of defendant. Whether that misrepresentation is the fault of DuPont or Philotechnics is of no consequence to the plaintiff. In summary, the plaintiff and the defendant entered into a contract in which the defendant made alleged misrepresentations to the plaintiff; the charge is material misrepresentation of contract

---

[1] Such as whether adding DuPont as a party to the suit would destroy jurisdiction.

to which DuPont was not a signatory–thus, DuPont is not necessary for complete relief under Count II..

## **Conclusion**

For the reasons stated above, defendant's Motion to Dismiss for Failure to Join a Necessary Party is **DENIED.**

**IT IS SO ORDERED**

                                              **ENTER:**

                                              s/ Thomas W. Phillips
                                              United States District Judge