UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| PERMA-FIX NORTHWEST RICHLAND, INC. )<br>)<br>    Plaintiff,   )<br>v.   )<br>)<br>PHILOTECHNICS, LTD.,   )<br>)<br>    Defendant/Counter-Plaintiff/   )<br>    Third-Party Plaintiff,   )<br>)<br>v.   )<br>)<br>E. I. DU PONT DE NEMOURS AND   )<br>COMPANY,   )<br>)<br>    Third-Party Defendant.   ) | Case No. 3:09-CV-472<br>(Campbell/Shirley) |

## SECOND AGREED AMENDED SCHEDULING ORDER

**1.** **INTRODUCTION:** This case was filed by Plaintiff Perma-Fix Northwest Richland, Inc. ("Perma-fix") on October 29, 2009. On January 10, 2012, E. I. DuPont De Nemours & Company ("DuPont") was added as a Third-Party Defendant. Since the summer of 2012, the parties have been attempting to resolve this matter amicably. Resolution of this case is complicated by the fact that the currently contemplated resolution method includes the processing and disposal of radioactive waste, which is a highly regulated endeavor that requires multiple rounds of regulatory approval. The Court has re-scheduled this case for trial on November 3, 2014. The parties submit the following Proposed Second Agreed Amended Scheduling Order. However, at least one party, DuPont, believes it is highly unlikely that all of the remaining tasks will be completed in time for the parties to be able to present the remaining issues for trial in November of 2014.

**2.** **(a)** <u>**JURISDICTION**</u>**:** In this case, the subject matter jurisdiction of the federal courts has been invoked pursuant to 28 U.S.C. § 1332, diversity jurisdiction. Citizenship is diverse between the original Plaintiff and the original Defendant and the amount in controversy exceeds $75,000. Diversity of citizenship does not exist between Third Party Plaintiff and Third Party Defendant because both corporations are incorporated under the laws of the state of Delaware. Thus, DuPont disputes the existence of diversity matter jurisdiction. Under the doctrine of supplemental jurisdiction and the construction of 28 U.S.C. § 1367, the absence of diversity of citizenship between the Third Party Plaintiff and Third Party Defendant does not effect the Court's subject matter jurisdiction so long as the claims made in the Third Party Complaint "are so related to claims in [the original action] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The nature of this jurisdictional issue is set forth here in this way because subject matter jurisdiction defects are never waived and can be re-examined by the parties or the Court at any time. Further, jurisdiction over the Third Party Complaint is disputed by DuPont because of the terms of the agreement between Third Party Plaintiff Philotechnics and DuPont.

**(b)** <u>**VENUE:**</u> Third Party Defendant DuPont disputes that venue lies in this district as to the Third Party Complaint by Philotechnics against DuPont because of the forum selection clause in the contract between Third Party Defendant DuPont and Third Party Plaintiff Philotechnics.

**3.** <u>**SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION:**</u>

(a) Settlement appears likely if the parties are given enough time to continue to work together to dispose of the waste.

(b) The parties agree that a pretrial mediation could likely be fruitful if held after all of the waste has been processed and disposed. The parties agree to select a mediator and to agree upon a location for a mediation by **June 1, 2014**.

(c) The parties agree to conduct a mediation by **September 15, 2014.** The parties agree to provide to each other all evidence supporting any damages claims that they have well in advance of the mediation.

4. **DISCLOSURE AND DISCOVERY:**

   **(a)** **Initial Disclosures**: The parties have already submitted their Initial Disclosures.

   **(b)** **Expert Testimony:** All parties have made some disclosures of expert testimony. Any supplemental disclosure of expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made on or before ninety (90) days before trial or by **August 5, 2014,** for plaintiff and sixty (60) days before trial, or by **September 4, 2014,** for defendant and third party defendant. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Civ. P. 26(a)(2)(B), such disclosure shall be made within thirty (30) days after the disclosure made by the other party. The parties shall further supplement these disclosures when required under subdivision (e)(1). In the event that either party wishes to challenge the relevance or the reliability of expert testimony, a motion for a *Daubert* hearing must be filed not later than forty-five (45) days before trial, or by **September 19, 2014**, or they will be deemed waived.

   **(c)** **Computer-Generated Animation**. If any party intends to offer a computer-generated animation into evidence, the party shall disclose that intention at the time expert disclosures are made pursuant to Fed. R. Civ. P. 26(a)(2). A copy of the animation shall be furnished to all other parties no later than **September 19, 2014.**

3

Case 3:09-cv-00472-PLR-CCS   Document 135   Filed 03/04/14   Page 3 of 9   PageID #: 2229

**(d)** **Pretrial Disclosures**: On or before twenty (20) days before trial, or by **October 14, 2014**, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (see 6(f) and (g) below).

**(e)** **All Discovery**: All discovery, including the taking of depositions "for evidence," shall be completed by thirty (30) days before trial or by **October 6, 2014**. (Motions to compel must be filed at least 30 days before this deadline.)

**(f)** **Discovery Disputes:** Discovery disputes shall be resolved in the following manner: (1) Parties shall first meet and/or confer by telephone in an attempt to resolve disputes between themselves, without judicial intervention; (2) if the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreements by telephone conference with the magistrate judge assigned to this case; (3) if, and only if, the parties are unable to resolve their disputes after conference with the magistrate judge, they may file appropriate written motions with the court, which may be referred to the magistrate judge. Any written motions regarding discovery shall include the written certification required by Rule 37(a)(2)(A), if applicable.

**5.** **PRETRIAL ORDERS AND PRETRIAL CONFERENCES:**

Unless counsel are otherwise directed by the court, the following shall govern with regard to pretrial orders and conferences in this particular case.

By **October 6, 2014**, an agreed pretrial order <u>shall be filed with the Clerk of Court</u> and forwarded to chambers via e-mail as an attachment. The order shall contain the following recitals:

    (a)    Jurisdiction.
    (b)    That the pleadings are amended to conform to the pretrial order.
    (c)    Short summary of plaintiff's theory.
    (d)    Short summary of defendant's theory and third party defendant's theory.

(e) The issues to be submitted to the trial judge or jury.
(f) Stipulations of fact.
(g) Novel or unusual questions of law or evidence.
(h) Estimated length of trial (in working days).
(i) Possibility of settlement.
(j) Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

Forty-five (45) days before trial or by September 19, 2014, plaintiff's counsel **shall** serve opposing counsel by electronic transmission with a proposed pretrial order containing the above items except for the theory of defendant and third party defendant. Within five (5) working days after receipt thereof, counsel for defendant/third party plaintiff Philotechnics **shall** furnish plaintiff's counsel and third party defendant's counsel with defendant's theory and advise of any disagreement with plaintiff as to the issues or other matters in the proposed pretrial order. Within five (5) working days after receipt of defendant/third party plaintiff's theory, counsel for third party defendant DuPont and Philotechnics **shall** furnish plaintiff's and third party plaintiff's counsel with third party defendant's theory and advise of any disagreement with the other parties as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the court's intercession. If the parties cannot agree on a pretrial order, plaintiff's attorney shall notify the undersigned's Judicial Assistant, Holly Nease (865-545-4260) at least thirty-one (31) days before trial that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order or hold a pretrial conference.

An initial pretrial conference is scheduled for **October 8, 2014** at 11:00 a.m. Eastern Time (12:00 p.m. Central Time, 1:00 p.m. Mountain Time) . The conference will be conducted telephonically.

5

Failure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

**6. OTHER SCHEDULING MATTERS:**

**(a) Amendment of Pleadings/Joinder of Parties**: No further leave to amend pleadings for joinder of parties shall be permitted. Other amendments of pleadings may be permitted on motion within the Federal Rules of Civil Procedure within the discretion of the Court or as otherwise provided in the Federal Rules of Civil Procedure.

**(b) Dispositive Motions**: All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than sixty (60) days prior to trial or by **September 4, 2014**. The failure to timely file such motions will be grounds to summarily deny them.

**(c) Motions in Limine:** Any motions *in limine* must be filed no later than three (3) working days before trial, or by **October 29, 2014**.

**(d)** Motions seeking a *Daubert* hearing must be filed at least forty-five (45) days before trial, or by **September 19, 2014**, or they will be deemed waived.

**(e)** Upon filing any dispositive motion, or any other motion (or responsive pleading) which exceeds twenty-five (25) pages in length (including attachments), a courtesy hard copy shall be mailed or hand delivered to chambers.

**(f)** Proposed Findings of Fact and Conclusions of Law for Nonjury-Trial:

The parties shall submit to the Court proposed findings of fact and conclusions of law, which shall be supported by citations of authority in accordance with Local Rule 52.1, no later than fourteen (14) days before trial or by **October 20, 2014**. Proposed findings of fact shall

6

contain a jurisdictional statement, identity of the parties, and set out the facts in chronological order the particular party intends to prove at trial. Conclusions of law shall be concise with appropriate citations of authority pursuant to Local Rule 7.4. Conclusions of law should not argumentative.

**(g)** All anticipated exhibits will be labeled and numbered prior to trial. At the inception of trial, counsel will furnish the court with three (3) copies of their exhibit lists, and two (2) notebooks with exhibits, so numbered, and three (3) copies of witness lists.

**(h)** Forty-five days before trial, or **September 19, 2014**, the parties shall file a final witness list, covering the information specified in Rule 26(a)(3).

**(i)** Within five (5) working days after service of a final witness list as specified in (h) above, such list may be supplemented.

**(j)** In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*. Should a hearing be directed by the court regarding such motions *in limine*, the parties shall be notified of the date and time thereof. Counsel are reminded that objections not so disclosed, other than objections under Rules 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

**7.** **MOTIONS FOR EXTENSIONS OF DEADLINES:** Deadlines established in this Order may not be extended solely by agreement of counsel without the undersigned's

approval.  However, agreed orders and extensions, which do not change the trial date will generally be granted.  Motions seeking extensions of any deadlines set forth in this order shall be filed prior to the expiration of the deadline.  Absent compelling reasons or circumstances, motions filed after the deadline will generally be denied.

**8**.     **TRIAL:**   The trial of this case will be held before the Judge Tena Campbell without a jury beginning on **November 3, 2014** and it is estimated that the trial in this case will take five (5) trial days**.**

**(a)**  If there are any preliminary matters, counsel shall be present at **8:30 a.m.** to take up any such matters which may require the Court's attention.  The parties shall be prepared to commence trial at **9:00 a.m.** on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

**9.**     **MISCELLANEOUS:**   The Court has implemented Electronic Case Filing which  allows counsel to file and docket pleadings directly from their office via the internet and to be served with filings from other parties and the Court via e-mail.  Information concerning the ECF system, registration for training and/or registration to file electronically can be found on the Court's website at www.tned.uscourts.gov.   Counsel who are not registered users are encouraged to register or explain their failure to do so.  *See E.D. TN LR 5.2(b).*

Per Order of all the District Judges, all attorneys practicing in the Eastern District of Tennessee must register as electronic filing users and file their pleadings electronically through the CM/ECF system or show the presiding judge good cause to file and serve documents in the traditional manner.

**10.**     **NON-COMPLIANCE:**   Failure to comply with this order may result in the

exclusion of damages, witnesses, exhibits, depositions, and/or videotapes from evidence at trial.

**IT IS SO ORDERED.**

s/ C. Clifford Shirley Jr.
**UNITED STATES MAGISTRATE JUDGE**

**APPROVED FOR ENTRY:**

/s/ Francis L. Lloyd, Jr.
**Francis L Lloyd, Jr.**
Law Office of Francis L. Lloyd, Jr.
9111 Cross Park Drive
Suite D-200
Knoxville, TN 37923
865-470-4077
Email: FLLloydJr@gmail.com

/s/ John Carl Person
**John Carl Person**
Person & Carver, LLP
1025 Connecticut Avenue NW
Washington, DC 20036
202-466-4434
Email: jcperson@personandcraver.com
*Counsel for Perma-Fix Northwest Richland, Inc.*

/s/ M. Clark Spoden
**M. Clark Spoden**
**William L. Penny**
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Phone: (615) 244-5200; Fax: (615) 742-4110
Email: william.penny@stites.com
Email: clark.spoden@stites.com
*Counsel for E. I. du Pont de Nemours & Company*

/s/ Jack M. Tallent, II
**Jack M Tallent, II**
**Kevin C Stevens**
Kennerly, Montgomery & Finley, P.C.
550 Main St.
Bank of America Center, 4th Floor
Knoxville, TN 37902
865-546-7311
Email: jtallent@kmfpc.com
Email: kstevens@kmfpc.com

/s/ Anthony F. Caffrey, III
**Anthony F Caffrey, III**
**Thomas G Cardelli**
Cardelli, Lanfear & Buikema, P.C.
125 Ottawa Avenue NW, Suite 370
Grand Rapids, MI 49503
616-285-3800
Email: acaffrey@cardellilaw.com
Email: tcardelli@cardellilaw.com

*Counsel for Philotechnics, Ltd.*

1042026:1